Christopher A. Stapleton SBN 315777
cstapleton@tbsc.la
LAW OFFICES OF CHRISTOPHER STAPLETON
(salaried employees of The Best Service Co., Inc.)
6700 S. Centinela Ave., Third Floor
Culver City, CA 90230
Phone - (310) 391-0800; Fax - (310)-636-4771

Attorney for The Best Service Company,

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. AGUILAR,<br><br>Plaintiff<br><br>vs.<br><br>THE BEST SERVICE COMPANY,<br><br>Defendant. | Case No.: 5:19-CV-01868-JGB-KKx<br><br>**DEFENDANT THE BEST SERVICE COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER F.R.C.P. 12(b)(6)**<br><br>[Filed concurrently with the Declaration of Christopher Stapleton; and [Proposed] Order]<br><br>Hearing date: January 13, 2020<br>Hearing time: 9:00 a.m.<br>Before: Honorable Jesus G. Bernal<br>Courtroom: 1 |

TO PLAINTIFF MARK A. AGUILAR AND PLAINTIFF'S ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT, on January 13, 2020, at the hour of 9:00 a.m. in Courtroom 1 of the above-captioned court located at 3470 Twelfth

-1-
Notice of Motion

Street, Riverside, CA 92501, Defendant The Best Service Company, Inc. will move the Court pursuant to Federal Rule of Civil Procedure 12b(6) to dismiss, with prejudice, the complaint, and each of the claims for relief set forth therein, as described below.

This motion is made following the unsuccessful attempt of conference of counsel pursuant to L.R. 7-3 beginning on or about October 17, 2019. (see Declaration of Christopher Stapleton, hereinafter "Stapleton Dec. ¶ 2"). On October 17, 2019, Defendant's attorney called Plaintiff's attorney's office and requested to speak with Plaintiff's attorney; the individual answering the telephone instructed Defendants attorney that any communication would need to be made through email. (see Stapleton Dec. ¶¶ 2-3). That same day, Defendant's attorney sent Plaintiff's attorney an email notifying him that there were a number of issues with the complaint that Defendant's attorney would like to discuss in order to alleviate the need for the instant Rule 12 Motion. (see Stapleton Dec. ¶¶ 4-5). On October 25, 2019, Defendant's attorney again emailed Plaintiff's attorney in an effort to discuss the issues in the complaint; Plaintiff's Attorney responded, but Defendant's Attorney and Plaintiff's Attorney were unable to come to an agreement with respect to the issues contained in the instant Motion. (see Stapleton Dec. ¶¶ 6-9).

All of Plaintiff's claims for relief should be dismissed as they are foreclosed by the Bankruptcy Code's discharge injunction enforcement mechanism, which controls disputes related to alleged violations of the same. Additionally, and in the alternative, all of Plaintiff's claims for relief should be dismissed because they are pled as bare legal conclusions, devoid of supporting factual allegations and fail to meet the pleading standard of Rule 12(b)(6) or the sufficiency requirements established by the Supreme Court in *Ashcroft v. Iqbal*, as well as *Bell Atlantic Corp. v. Twombly*. The complaint is so lacking of supporting facts that even if every factual allegation in the complaint is taken as true, no court could find the remaining allegations sufficiently "plausible," under the requirements of *Iqbal* and *Twombly* to escape dismissal.

This motion will be based on this Notice of Motion, the Memorandum of Points and Authorities and any Exhibits attached thereto, facts or matters taken under judicial notice, and any evidence and arguments presented at the hearing of this motion.

DATED: October 28, 2019                    /s/ Christopher Stapleton
                                           Christopher Stapleton
                                           Attorney for Defendant, The
                                           Best Service Company, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants hereby submit their Memorandum of Points and Authorities in support of this Motion to Dismiss.

## I.  INTRODUCTION

Plaintiff alleges that, at some time before February 20, 2019, he obtained a credit card issued by Frontwave Credit Union F/K/A Pacific Marine Credit Union and accumulated a balance of $10,481.87, which was subsequently charged off. (see Plaintiff's Complaint ¶¶ 9-11). Plaintiff's charged off debt was allegedly discharged on June 3, 2019, after he filed for Bankruptcy on February 20, 2019. (see Plaintiff's Complaint ¶¶ 13, 15). In Plaintiff's bankruptcy petition, Plaintiff alleges that Frontwave Credit Union F/K/A Pacific Marine Credit Union was listed as a creditor with unsecured claims. (see Plaintiff's Complaint ¶ 14). Plaintiff goes on to allege that, thereafter, on September 16, 2019, Defendant "… sent Plaintiff an initial written communication …" including account information and a statement indicating that "The entire amount is due, owing, and unpaid…" (see Plaintiff's Complaint ¶ 17).

In Plaintiff's nearly indecipherable Complaint, he seems to allege Defendant's conduct violated the bankruptcy discharge injunction, and in doing so, violated provisions of the Fair Debt Collection Practices Act. (see Plaintiff's Complaint ¶¶ 23-28).

Defendants deny that they committed any violation of Federal or State Law in connection with the collection of this debt. By this motion, Defendants request that this Court dismiss all claims pled by Plaintiff as Plaintiff fails to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW FOR A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide "grounds of his entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly* 550 U.S. 554, 555 (2007). The court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief." *Id*. at 679. A court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal

allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## III. ARGUMENT

Plaintiff's Complaint fails to state a claim upon which relief can be granted for two reasons. Firstly, Plaintiff's FDCPA claims are foreclosed by the Bankruptcy Code. Secondly, and in the alternative, Plaintiff's claims contain no definite and supporting facts linked to any allegations, Defendant has not been given sufficient and proper notice of the allegations asserted against it, and Plaintiff fails to state a claim for which relief can be granted.

### A. PLAINTIFF'S CLAIMS ARE FORECLOSED BY THE BANKRUPTCY CODE.

The effect of a bankruptcy discharge is governed by 11 U.S.C. § 524, which states, in pertinent part:

> "A discharge in a case under this title … (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

It has been clearly established in *Walls* that a discharged debtor is foreclosed from bringing an independent cause of action under the FDCPA for violations of the discharge injunction under the Bankruptcy Code. (see *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002)).

*Walls* involved a bankrupt debtor who brought an action against her mortgage company for attempting to recover a debt that had been discharged. (*Id.* at 505). The plaintiff in *Walls* alleged that the attempt to recover the discharged debt was in violation of both the FDCPA and § 524 of the Bankruptcy code. (*Id.*). The Ninth Circuit Court of Appeals agreed with the trial court that Congress intended a bankruptcy court's finding of contempt to be the remedy for violations of a bankruptcy discharge order, and stated:

> "The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105. To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door -- a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." (*Id.* at 510.)

"Because Walls's remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code, her … FDCPA claim is precluded." (Id. at 511). Additionally, the Bankruptcy Appellate Panel of the Ninth Circuit has recognized a broad view of a § 524 discharge injunction. *Scally v. Ditech Fin.*, LLC, 2017 WL 371996, at *16 (S.D. Cal. January 26, 2017) citing *In re Gurrola*, 328 B.R. 158, 175 (B.A.P. 9th Cir. 2005) ("The 524(a) discharge and the discharge injunction are effective against the world to the full extent of their statutory terms, regardless of notice").

Therefore, after a bankruptcy discharge, a "debtors protection and remedy remain under the Bankruptcy Code." (*Id.* at 17, citing *Walls*, 276 F.3d at 511 ("The Court concludes that Plaintiff's allegations are dependent on the discharged nature of the debt and are properly addressed under the remedial scheme provided for in the Bankruptcy Code."); *Kibler v. WFS Financial, Inc.*, No. 00-5217, 2000 WL 1470655, at *10 (C.D. Cal. Sept. 13, 2000) ("[T]his Court does not find an implied right of action under Section 524. As such, the Court does not permit Plaintiffs to avoid the consequences of this ruling simply by asserting a claim under the FDCPA."); *Goad v. MTC Group*, 2010 WL 1407257, (S.D. Cal. April 6, 2010), *aff'd*, 576 F. App'x 707 (9th Cir. 2014) ("Plaintiff's FDCPA and RFDCPA claims clearly depend on the legal status of Plaintiff's debt and would require the Court to determine whether the debt was discharged or not. Therefore, Plaintiff's claims are precluded.")).

Here, Plaintiff's FDCPA claims are, as in *Walls* and *Scally*, based on alleged violations of 11 U.S.C. § 524. (see *Walls*, 276 F.3d at 510; see also *Scally*, 2017 WL 371996, at 8-10.). Plaintiff alleges that Defendant sent him a collection letter on September 16, 2019, after the debt was purportedly discharged. (see Plaintiff's Complaint ¶ 17). The letter, according to Plaintiff's allegations, included information related to an account assigned to Defendant, stated "Your account has been assigned to our agency. The entire amount is due, owing, and unpaid…", and also included a payment coupon with payment instructions…". (see Plaintiff's

-5-
Memorandum of Points and Authorities

Complaint ¶¶ 17-18). Plaintiff included no other information related to the collection letter or the substance thereof, and alleges no wrongdoing outside of the alleged violation of the bankruptcy discharge injunction.

Plaintiff's claims wholly and unequivocally rely on the attempt to collect Plaintiff's allegedly discharged debt. In fact, Plaintiff specifically alleges that Defendant "… falsely represent[ed] that money is due, although because of the discharge injunction, it is not…" in support of Plaintiff's claim that Defendant violated 15 U.S.C. 1962e. (see Plaintiff's Complaint ¶ 26). Plaintiff goes on to allege that Defendant's "letter seeking to collect Plaintiff's debt, while that debt was subject to the bankruptcy discharge injunction, is unfair or unconscionable," in support of Plaintiff's claim that Defendant violated 15 U.S.C. 1962f. (see Plaintiff's Complaint ¶ 28). No allegations were made with respect to violations of any other sections of the FDCPA, and no allegations were made that do not wholly and unequivocally rely on the alleged violations of the Bankruptcy Code's discharge injunction.

Because no other claims were made by Plaintiff, and because each of the above claims arise solely out of alleged violations of the Bankruptcy Code's discharge injunction, Plaintiff's claims individually, and Plaintiff's complaint as a whole, should be dismissed without leave to amend, pursuant to the governing decision in *Walls*.

///

## B. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692.

It is clear that all of Plaintiff's claims are based on Defendant's alleged violation of the bankruptcy discharge injunction, and must be dismissed on those grounds, however, even, assuming arguendo, that Plaintiff's claims are not based on Defendant's alleged violation of the bankruptcy discharge injunction, Plaintiff has still failed to state a claim upon which relief can be granted.

To state a claim under the FDCPA, a Plaintiff must allege that: (1) the plaintiff is the object of debt collection activity; (2) the debt at issue is a consumer debt; (3) the defendant is a debt collector as defined by the FDCPA; and (4) the defendant has engaged in an act or omission prohibited by the FDCPA. *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp 2d 1051, 1057 (C.D. Cal. 2009).

In order to determine whether an act or omission is prohibited by the FDCPA, the "least sophisticated consumer standard" is used. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). Under the "least sophisticated consumer standard," FDCPA liability is predicated upon whether "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response" were made by the Defendants. *Id*. At 1034. Specifically, the "least sophisticated consumer standard," requires an objective analysis that considers whether "the least sophisticated debtor would likely be

misled by a communication." *Id.* at 1033 (see *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (internal quotation marks omitted) (stating this standard applies to §§ 1692d, 1692e, and 1692f); see also *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1099-1100 (9th Cir. 1996); *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)).

Plaintiff's Complaint seems to allege, inter alia, violations by Defendants under *15 U.S.C. § 1692e,* and *15 U.S.C. § 1692f*. (Complaint ¶ 58). *15 U.S.C. § 1692e* states that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *15 U.S.C. § 1692f* states that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." To properly state a claim for a violation of *15 U.S.C. § 1692e*, and *15 U.S.C. § 1692f*, Plaintiff must allege facts sufficient to show that Defendants' communications would be likely to mislead the "least Sophisticated Consumer."

In support of his allegations under this section, Plaintiff, throughout his complaint, relies nearly entirely on vague conclusory statements that amount to nothing more than legal conclusions, "unreasonable inferences, [and] unwarranted deductions" that *Twombly*, *Iqbal*, and their progeny have attempted to curtail. In fact, Plaintiff's substantive allegations under his FDCPA claims consist of two sentences. In support of his allegation that Defendant violated *15 U.S.C. § 1692e*, plaintiff states:

> "TBSC's letter is objectively false and misleading in that it misrepresented the legal status of Plaintiff's debt by, inter alia, falsely representing that money is due, although because of the discharge injunction, it is not; violating *15 U.S.C. § 1692e(2)(A)* and *e(10)*." (see Plaintiff's Complaint ¶ 26).

No other substantive allegations are made with respect to any violation of *15 U.S.C. § 1692e*. Additionally, Plaintiff's improper legal conclusion that "TBSC's letter is objectively false" appears to be premised on a decision in the 7th Circuit where the court discussed the automatic bankruptcy stay (*11 U.S.C. § 362*) and its relationship to the FDCPA, which is non-binding and wholly inapplicable as it has not been alleged that Defendant violated the automatic bankruptcy stay. (see Plaintiff's Complaint ¶ 25; see also *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004).)

In support of his allegation that Defendant violated *15 U.S.C. § 1692e*, plaintiff states:

> "TBSC's letter seeking to collect Plaintiff's debt, while that debt was subject to the bankruptcy discharge injunction, is unfair and, as a result, violates *15 U.S.C. § 1692e*." (see Plaintiff's Complaint ¶ 28).

No other substantive allegations are made with respect to any violation of *15 U.S.C. § 1692e*. These vague conclusory statements amount to nothing more than the legal conclusions, "unreasonable inferences, [and] unwarranted deductions" that *Twombly*, *Iqbal*, and their progeny have attempted to curtail. (see *Watt*, 643 F.2d at 624).

Therefore, even if, assuming arguendo, Plaintiff's claims are not foreclosed by the Bankruptcy Code, Plaintiff's claims must be dismissed because there are no definite and supporting facts linked to his allegations, Defendant has not been given sufficient and proper notice of the allegations asserted against it, and Plaintiff fails to state a claim for which relief can be granted. Plaintiff's unfounded assertions are fatally flawed under the Rule 12(b)(6) pleading standard.

Further, Plaintiff's claim appears to have been brought for an improper purpose under Fed. R. Civ. P. 11(b)(1) where evidence exists (and is in Plaintiff's possession) that no such violation could possibly have occurred.

## VIII. CONCLUSION

Because Plaintiff's claims are foreclosed by the Bankruptcy Code's discharge injunction enforcement mechanism, Plaintiff's complaint should be dismissed, in its entirety, with prejudice. Moreover, Plaintiff's complaint should also be dismissed in its entirety as all of Plaintiff's claims fail to state a claim upon which relief can be granted.

Plaintiff should not be entitled to leave to amend the Complaint because as stated above, there is no likelihood that facts exists which would entitle Plaintiff relief.

DATED: October 28, 2019           /s/ Christopher Stapleton
                                                       Christopher Stapleton
                                                       Attorney for Defendant,
                                                       The Best Service Company, Inc.

CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 6700 S. Centinela Ave., 3rd. Floor, Culver City, CA 90230. On October 28, 2019, I served a true copy of:

DEFENDANT THE BEST SERVICE COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

on the below interested parties in this action by use of the Court's CM/ECF Electronic Filing System.

Nicholas M Wajda
Wajda Law Group APC
11400 West Olympic Boulevard Suite 200M
Los Angeles, CA 90064
310-997-0471
Fax: 866-286-8433
Email: nick@wajdalawgroup.com

by causing the documents listed above to be filed electronically using the Court's Electronic Filing System which constitutes service, pursuant to L.R. 5-3.2.2 of the above-titled Court, upon the counsel on the service list.

I declare under penalty of perjury under the laws of the United States of America that I am a member of the Bar of this Court and that the foregoing is true and correct.

Dated: October 28, 2019

/s/ Christopher Stapleton
Christopher Stapleton

PROOF OF SERVICE